Shelvin Avinesh PRASAD, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

2. We deny Tubbs's motion to consolidate his appeal with that of Meyerhoff in a separately filed order.

**Shelvin Avinesh Prasad, Petitioner,**

v.

**Michael B. Mukasey, Attorney General, Respondent.**

Nos. 06–75173, 07–70372.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2008.

Filed Aug. 13, 2008.

D. Jade Mundel, Marks & Acalin, Los Angeles, CA, for Petitioner.

Andrew B. Insenga, Carol Federighi, Gladys M. Steffens–Guzman, Esq., DOJ– U.S. Department of Justice, Washington, DC, District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, ALDISERT * and BEA, Circuit Judges.

### MEMORANDUM**

■ We have jurisdiction to review whether petitioner is eligible for withholding of removal or Convention Against Torture (CAT) relief. *See* 8 U.S.C. § 1252(a)(2)(D); *Ramadan v. Gonzales,* 479 F.3d 646, 648 (9th Cir.2007) (per curiam). We lack jurisdiction to review petitioner's asylum claim because he failed to appeal the IJ's discretionary denial of asylum to the Board of Immigration Appeals and thus failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004); *Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir.2004).

■ The BIA did not abuse its discretion in denying petitioner's motion to remand. Petitioner's *commission* of the offense of possessing a controlled substance in May 2004 interrupted his continuous residence in the United States before he satisfied the seven-year requirement for cancellation of removal. *See* 8 U.S.C. § 1229b(a); 8 U.S.C. § 1229b(d)(1). Further, petitioner is ineligible for relief under the Federal First Offender Act because there is no court order entered a state rehabilitative statute. *See Chavez–Perez*

---

* The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Ashcroft,* 386 F.3d 1284, 1289 (9th Cir. 2004).

■ Petitioner doesn't qualify for withholding of removal or CAT relief because the harassment he alleged that his family faced in Fiji on account of their Indian heritage at most reflects general racial and economic tension. Petitioner can't establish that he personally suffered, or will suffer if deported, persecution, let alone torture. *See Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998); *Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

**PETITION DISMISSED IN PART AND DENIED IN PART.**